UNITED STATES, Appellant

v

MELVIN V. STIVERS, Radarman Third Class,
U. S. Navy, Appellee

12 USCMA 315, 30 CMR 315

No. 13,932

Decided April 28, 1961

Lieutenant John W. Boult, USNR, argued the cause for Appellant, United States.

Captain John P. Gibbons, USN, argued the cause for Appellee, Accused. With him on the brief were Colonel Olin W. Jones, USMC, and Lieutenant Colonel R. G. Coyne, USMC.

## Opinion of the Court

HOMER FERGUSON, Judge:

This case is before us for the second time. Originally, it was forwarded by The Judge Advocate General of the Navy upon the certified issue whether the board of review was correct in determining that accused's confession was involuntary. Our scrutiny of the opinions of the board members led us to return the case for clarification of its holding, as we were unable to ascertain whether it had been concluded that the confession was factually or legally involuntary. United States v Stivers, 11 USCMA 512, 29 CMR 328. In a supplementary decision, the board indicated its original holding was factual in nature and adhered to its initial direction of a rehearing on the charge of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, of which accused had been convicted.

At the rehearing, accused was again convicted of larceny. He was sentenced

to bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The board of review, however, found the evidence insufficient to support the findings of guilty but determined that the lesser offense of wrongful appropriation was "in issue." Nevertheless, it also found that prejudicial error resulted from the use by the prosecution of accused's testimony in mitigation and extenuation at his first trial and concluded that the circumstances did not warrant another rehearing. Accordingly, it ordered the charge and specification dismissed.

The Acting The Judge Advocate General thereupon certified the following question to this Court:

"Did the law officer err in admitting in evidence the testimony of the accused in mitigation at the original trial?"

The record of trial on rehearing indicates that the prosecution tendered into evidence an extract of accused's testimony in mitigation and extenuation at his original trial. This testimony included an admission that he had taken the victim's money "as sort of a joke" and that he was "deeply and sincerely sorry it happened." Counsel for the accused objected on the basis that such testimony was not admissible on the merits in a second trial and that it had not been properly authenticated. With respect to the latter contention, the record discloses only the following:

"TRIAL COUNSEL: Yes, sir, Mr. Law Officer.

"Mr. Law Officer, at this point I propose to offer into evidence pages 212 and 213, with the parts as marked of the official record attached to the referral of trial for this case, which is the original record and referral with attachments, and offer it to the defense at this time for their inspection and possible objection.

"INDIVIDUAL COUNSEL: The defense has inspected that part of the record as indicated by counsel and does have an objection on the ground that there is insufficient authentication of the material sought to be introduced as an exception to the hearsay rule, and also on the ground that the accused will be greatly prejudiced by this testimony being placed before the court. Some of the reasons for these objections have already been placed in the record and it would not appear to be necessary to repeat them.

"TRIAL COUNSEL: May I offer, for the law officer's inspection, the matters which are offered into evidence, for his consideration?

"LAW OFFICER: Let the record show that the trial counsel is handing the said document to the law officer. Perhaps it should be shown that this document will be and is here marked Prosecution Exhibit 1 for identification. The record will show that the law officer has examined Prosecution Exhibit 1 for identification. The objections of the defense have been preserved in the record. The law officer at this time overrules the objections. Prosecution Exhibit 1 for Identification is received in evidence as Prosecution Exhibit 1. The trial counsel may read said matter into evidence."

The accused seeks to sustain the finding of the board of review on a twofold basis. First, it is contended that the purpose and nature of post-findings proceedings require that an accused be protected from the subsequent use of his statements as evidence against him in another trial. Secondly, it is argued that this testimony was improperly admitted, for it was not authenticated in any manner. On the other hand, the Government urges us to consider accused's statement as no more than an ordinary judicial confession or admission and to conclude that it was properly authenticated by trial counsel's *ex parte*, unsworn declarations.

We believe that the Government's initial contention overlooks the special circumstances which attend an accused's post-findings statements and gives too little attention to the scope and purpose of presentencing proceedings.

An accused may elect to testify on

the merits of the charges placed against him, or he may remain silent. Regardless of which course of action he chooses, he may, after findings of guilty are reached, once again elect either to testify or to remain silent. He may also choose to make an unsworn statement to the court members. There is, however, a vital difference between the purpose of his testimony offered before findings of guilty have been reached and that delivered to the court after the verdict has been announced. In the first instance, he is contesting the question of guilt or innocence. In the second, he proffers information designed only to ameliorate his punishment. This dichotomy of purpose in pre- and post-finding statements by an accused has not heretofore escaped our attention.

In United States v Tobita, 3 USCMA 267, 12 CMR 23, the accused argued before us that the law officer erred in refusing to allow him to testify in mitigation and extenuation that he did not commit the offense of which he had been convicted. We upheld the law officer's ruling and noted, at page 271:

". . . Manifestly, this ruling of the law officer was proper—it is entirely in accord with the provisions of paragraph 75c(3) of the Manual, supra:

'Matter in extenuation.—Matter in extenuation of an offense serves to explain the circumstances surrounding the commission of the offense, including the reasons that actuated the accused but not extending to a legal justification. . . .'

It is to be observed that this is not a case in which, following a plea of guilty, the accused testifies in mitigation to matters inconsistent with the plea. Here the accused entered a plea of not guilty, and, with full knowledge of the alternative open to him, elected not to testify on the merits of the case. The two situations are easily distinguishable, and no error is discerned in the rulings of the law officer."

The Manual for Courts-Martial, United States, 1951, expressly recognizes the vast difference between the proceedings regarding the merits of the case and those relating to sentence. Thus, with respect to the latter, it provides for relaxation of the rules of evidence and permits affidavits, certificates, and other writings of apparent reliability to be received on behalf of the accused. Manual, supra, paragraph 75c (1). It unequivocally declares that the purpose of these proceedings is to enable the prosecution and the defense to present "appropriate matter to aid the court in determining the kind and amount of punishment to be imposed." Manual, supra, paragraph 75a. Recognizing this purpose and apparently in order to encourage an accused to present such information, personally or otherwise, it also provides that:

"Matter which is presented to the court after findings of guilty have been announced may not be considered as evidence against the accused in determining the legal sufficiency of such findings of guilty upon review." [Manual, supra, paragraph 75a.] [Emphasis supplied.]

In United States v Riggs, 22 CMR 598, an Army board of review was required to determine whether this Manual provision also prohibited the use of an accused's post-findings statement at a rehearing of the charges against him. In concluding that it had such effect, the board stated, at page 600:

". . . It is crystal clear that the above provision was adopted to afford the members of a court-martial, who under military law are required to fix the sentence of a guilty accused, material which in civilian practice is furnished the trial judge by his probation officer prior to imposition of sentence. It is not to be used in arriving at findings on the merits of the cause, and reviewing authorities are prohibited from considering such material in determining the legal sufficiency of findings of guilty in the case in which such material has been offered." [Emphasis supplied.]

We agree with the Riggs decision. As noted above, the whole purpose of

317

the post-findings proceedings is to obtain information on which the court members and reviewing authorities may act in determining the appropriateness of accused's punishment. The law has always held it desirable to encourage the free flow of such information, particularly from the accused. See, for example, Ferguson v State of Georgia, 365 US 570, 5 L ed 2d 783, 81 S Ct 756 (1961), and Green v United States, 365 US 301, 5 L ed 2d 670, 81 S Ct 653 (1961). In the former case, the Supreme Court stressed the constitutional importance of the guiding hand of counsel in an accused's unsworn statement to a jury. In the latter, it reiterated the importance of the accused's personal right of speaking before sentence was imposed upon him. Yet, there is no more designed way to encourage the accused to remain silent and to lessen the effectiveness of the sentencing portion of the trial than to permit his statement in mitigation and extenuation to be treated as an ordinary judicial confession or admission.

We are reinforced in our belief that we do not unduly limit the Government by prohibiting the use against the accused of these post-finding statements by our holding in United States v Daniels, 11 USCMA 52, 28 CMR 276. In that case, we were confronted with the use by the prosecution on rehearing of a stipulation made by the accused in connection with a guilty plea at his former trial. We reversed and pointed out that, absent the hope of clemency resulting from his plea, an accused would hardly be likely to stipulate to facts establishing his guilt. Cf. State v Hook, 174 Minn 590, 219 NW 926 (1928). In like manner, absent the findings of guilty and the hope of reducing the impact of those findings, we believe it unlikely that this accused would have confessed his guilt. As has already been pointed out, however, such statements are to be encouraged in connection with the imposition and review of sentences, just as are stipulations of fact in relation to the entry of voluntary and provident pleas of guilty.

Finally, we call attention to the prohibition against use of an accused's plea of guilty as evidence in a subsequent trial for the same offense in which he pleads not guilty. United States v Daniels, supra; Kercheval v United States, 274 US 220, 71 L ed 1009, 47 S Ct 582 (1927). Yet, there is no more solemn confession of criminality than that involved in such a judicial answer to charges. The analogy between these situations and the one now before us seems clear, and we conclude that it is both desirable and necessary so to prohibit the use of statements in extenuation and mitigation on the merits in a rehearing.

In sum, then, we hold that an accused's statement in mitigation and extenuation is made for such a purpose and under such circumstances that it may not subsequently be used by the Government to establish his guilt at a rehearing. United States v Riggs, supra; Manual, supra, paragraph 75a. Our answer eliminates any necessity for determining whether the accused's former testimony was properly authenticated before being offered in evidence at the rehearing. Suffice it to say that a mere unsworn declaration by the trial counsel concerning the identity of an otherwise unidentified exhibit cannot serve that purpose. See Manual, supra, paragraphs 143b, 145b.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge LATIMER dissents.