UNITED STATES, Appellee

v

RICHARD WELLS, Draftsmen Seaman Apprentice,
U. S. Navy, Appellant

13 USCMA 627, 33 CMR 159

No. 16,455

April 5, 1963

*Lieutenant Colonel William H. Bennison,* USMC, was on the brief for Appellant, Accused.

*Commander Benjamin H. Berry,* USN, and *Commander Joseph E. Ross,* USNR, were on the brief for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

Upon his plea of guilty, accused was convicted by special court-martial for four specifications of unauthorized absence and two additional counts of breaking restriction, violative of Articles 86 and 134, Uniform Code of Military Justice, 10 USC §§ 886 and 934, respectively. The court-martial sentenced him to bad-conduct discharge, partial forfeitures and confinement at hard labor for six months, and reduction. Thereafter the record was reviewed by the convening authority. In his action, he took cognizance of an error at trial, as follows:

"In the foregoing case . . . it is noted that the president of the court asked the accused several questions after defense counsel had made an unsworn statement on behalf of the accused. This was error. There is no indication that the court was attempting to enter into the trial of the case, nor is there any indication that the court was questioning the accused's explanation or expressing disbelief or hostility toward the ac-

cused. The error could affect only the sentence and under the circumstances it is considered that any prejudice which may have resulted can be corrected by a reassessment of the sentence."

In light of that incident, the convening authority purported to purge the error of prejudice by reassessing accused's punishment. He reduced the period of forfeitures and confinement to four months, but otherwise approved the findings and sentence.

The officer exercising general court-martial jurisdiction and a board of review in the office of The Judge Advocate General of the Navy subsequently affirmed, and accused petitioned this Court for grant of review. We elected to hear argument on a single issue, to determine whether the convening authority's action cured the error committed by the president of this special court.

The right of an accused to make an unsworn statement in extenuation and mitigation during the sentence proceedings, in person or through counsel, and not subject to cross-examination, is well established. United States v Stivers, 12 USCMA 315, 30 CMR 315; United States v King, 12 USCMA 71, 30 CMR 71; Manual for Courts-Martial, United States, 1951, paragraph 75c(2). It is clear, therefore, that regardless of the president's motives in questioning accused, and quite apart from the evaluation thereof by the convening authority, error was committed here. Indeed, we note that, when the senior member posed his first question, trial counsel advised:

"Sir, you cannot ask him any questions."

Nevertheless, the president responded:

"This is not in the interest of cross-examination, just wanted some more information."

He continued his inquiries of accused.

Even though a member's intent may be wholly innocent, or even paternalistic, we reiterate that an unsworn statement by or on behalf of an accused on sentence is not subject to cross-examination—by whatever name one chooses to call it—anymore by the court-martial than by the prosecution. Further, and although not challenging his interest in wanting "some more information," we add that, in the case at bar, the president would have done well to heed the admonition voiced by trial counsel. There is no point, in this instance, in belaboring the matter further. Suffice it to state, simply, that such cross-examination will not be countenanced.

Manifestly, the convening authority was correct in holding error had been committed. And, in view of the pleas of guilty, he was also correct in concluding only the sentence was affected. In that connection, as noted earlier, he reduced the confinement and forfeitures. But whether his action—which left the bad-conduct discharge imposed by the court-martial outstanding—cured the error, is questionable. However, we need concern ourselves no further with that question. On March 11, 1963, after briefs were filed in this Court, accused's unexecuted sentence to separation was remitted by competent authority. Both parties agree that this action renders our inquiry moot, and we so hold. See United States v Cieslak, 13 USCMA 216, 32 CMR 216.

The decision of the board of review, therefore, is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.