UNITED STATES

v.

Airman Lee A. WELCH, FR 450–80–0100 Student Squadron Provisional, 3381st Keesler Technical Training Center (ATC).

ACM S24424.

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 May 1976.

Decided 23 Sept. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Captain David A. Bateman. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before BUEHLER, Senior Judge, and HERMAN and ORSER, JJ.

## DECISION

ORSER, Judge:

Tried by a special court-martial, with members, the accused stands convicted, pursuant to his pleas, of two specifications of larceny and one of housebreaking, in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930. The approved sentence is a bad conduct discharge and reduction to the grade of airman basic.

Appellate defense counsel have asserted two errors for our consideration, and another appears in the accused's request for appellate representation. In the latter, the accused asserts:

THE JUDGE ERRED BY HAVING THE ACCUSED GIVE AN UNSWORN STATEMENT FROM THE COUNSEL TABLE RATHER THAN THE WITNESS STAND, THUS CREATING UNFAIR AND PREJUDICIAL COMMENT TOWARD THE REMARKS OF THE ACCUSED.

█ Having carefully scrutinized the record, we find no substance in the accused's contention. The sentence adjudged by the members is in no detectable measure disproportionate to the serious offenses involved. Moreover, the evidence of prior misconduct properly presented by the Government during the presentencing proceeding obviously weighed heavily against the accused in the sentencing decision. In the circumstances, the sentence is entirely appropriate, and there is not the slightest indication that any portion thereof can be attributed to the accused's perceived handicap.

█ Though we have found no judicial abuse of discretion in this case, by way of guidance, and solely in the interests of at least the appearance of total fairness to the accused, we believe the procedure here complained of should be discontinued in Air Force courtrooms. From the records that have come before us, we are aware that a number of military judges practice a policy of requiring accused to make unsworn statements from their place at the counsel table. A number of others permit them to ascend to the witness chair for this purpose. Some judges provide appropriate instructions to the members; others do not.

In the instant case, the military judge gave no instructional guidance to the court members regarding the accused's unsworn statement. We suppose his requirement that it be made at the counsel table rather than the witness stand was his way of emphasizing the difference between sworn and unsworn testimony; an effort to avoid any misconception that what was to be presented constituted evidence. If this was the judge's purpose, and we have no reason to doubt that it was, a simple instruction to that effect was an eminently preferable means of communicating the message.

█ As indicated, an unsworn statement by an accused is not evidence. It is simply a means by which an accused, either personally or through counsel, and either orally or in writing, supplies information to the court in an effort to ameliorate his punishment. Manual for Courts-Martial, 1969 (Rev.), paragraph 75c; *United States v. Stivers,* 12 U.S.C.M.A. 315, 30 C.M.R. 315 (1961); *United States v. King,* 12 U.S.C.M.A. 71, 30 C.M.R. 71 (1960); *United States v. Wells,* 13 U.S.C.M.A. 627, 33 C.M.R. 159 (1963). Though an accused has an unqualified right to make an unsworn statement in extenuation and mitigation during the presentencing proceedings, the military judge, in his sound discretion, has a corresponding authority to impose reasonable ground rules for its presentation.

█ In exercising that authority, it is entirely appropriate for the military judge to draw a clear distinction for the court members between such a statement on the one hand, and matters developed by evidence, such as the sworn testimony of a witness, on the other. We believe the most

judicious means of accomplishing this purpose is a clear, concise instruction which provides proper guidelines for the consideration of the unsworn statement in relation to the evidence. See *United States v. Simon,* 38 C.M.R. 664 (A.B.R.1968), pet. denied, 38 C.M.R. 441 (1968); cf. *United States v. Carrier,* 50 C.M.R. 135 (A.F.C.M.R. 1975). Many of our military judges presently use the instruction designed for this purpose contained in the Army Military Judges' Guide. We commend it to the use of all and set it out here for reference:

> The court is advised that an unsworn statement is an authorized means for an accused to bring information to the attention of the court, and must be given appropriate consideration. The accused cannot be cross-examined by the prosecution or interrogated by court members or myself upon his unsworn statement, but the prosecution may offer evidence to rebut statements of fact contained in it. The weight and significance to be attached to an unsworn statement rests within the sound discretion of each court member. You may consider that the statement is not under oath, its inherent probability or improbability, whether it is supported or contradicted by evidence in the case, as well as any other matter that may have a bearing upon its credibility.

> In weighing an unsworn statement, you are expected to utilize your common sense and your knowledge of human nature and the ways of the world.

Department of the Army Pamphlet No. 27–9, Military Judges' Guide, May 1969, paragraph 8–7; see Manual for Courts-Martial, supra, Appendix 8*a*; Air Force Pamphlet 111–6, Procedure Guide for Courts-Martial, 19 April 1976, Chapters 3 and 7.

■ We have carefully considered appellate defense counsel's remaining assertions of error and find them to be without merit. As to the first, the post-trial review was in no sense incorrect or misleading in its advice to the convening authority that he could not substitute an administrative discharge for the punitive one adjudged. *United States v. Plummer,* 12 U.S.C.M.A. 18, 30 C.M.R. 18 (1960); Manual for Courts-Martial, supra, paragraphs 88*c* and 126*a.*

In any event, the convening authority was further accurately advised in the review that he could, as a matter of clemency, recommend that the Secretary of the Air Force substitute an administrative discharge for that adjudged. Code, supra, Article 71(b); Manual for Courts-Martial, supra, paragraph 97*a.* The review was in all essentials adequate, and the action of the convening authority which approved the sentence adjudged is in no manner ambiguous. *United States v. Plummer,* supra; *United States v. Gebhard,* 11 U.S.C.M.A. 765, 29 C.M.R. 581 (1960).

■ In regard to the final contention, the court members did not impeach their sentence when, several weeks thereafter, certain of them recommended that the convening authority extend clemency by awarding the accused a general discharge. This claim is refuted by the record of trial which clearly shows the members understood the relationship of the recommendation to the punitive discharge adjudged. As pointed out by appellate government counsel, in his sentencing instructions, the military judge informed the members that a recommendation by them for an administrative discharge, based upon the same matters as the sentence, was inconsistent with a sentence to a punitive discharge. The judge further instructed the members that before adjudging a punitive discharge they must be satisfied that punishment was appropriate. Under the circumstances, "there is no reason to question either the sentence or the recommendation." *United States v. Turner,* 14 U.S.C.M.A. 435, 34 C.M.R. 215, 219 (1964); *United States v. McBride,* 50 C.M.R. 126 (A.F.C.M.R.1974); *United States v. Tharp,* 49 C.M.R. 233 (A.F.C.M.R.1974).

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

BUEHLER, Senior Judge, and HERMAN, Judge, concur.