**UNITED STATES**

v.

**Airman Basic Arthur W. McCURRY, FR 509–72–5994, United States Air Force.**

**ACM S24558.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 Aug. 1977.

Decided 27 March 1978.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Major Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

During the sentencing portion of the trial the accused chose to make an unsworn statement in accordance with the Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 75c(2), which states: "This unsworn statement is not evidence, and the accused cannot be cross-examined upon it, but the prosecution may rebut statements of fact therein by evidence." The unsworn statement of the accused included his civilian and military background, an explanation of previous punishment under Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815 and the circumstances surrounding the offense charged. In an attempt to rebut the unsworn statement, the government called the accused's commander who testified that the accused had a bad reputation for truth and veracity. Appellate defense counsel assert that permitting the commander's testimony was error. We agree.

By making an unsworn statement the accused does not become a witness and his statement is not considered testimony. See Manual for Courts-Martial, supra, paragraph 149b. However, the military judge is urged to instruct the court to consider its probability and improbability and give to it whatever weight deemed appropriate under the circumstances of the case.[1] *United States v. Welch*, 1 M.J. 1201 (A.F.C.M.R. 1976).

When an accused elects to make a statement in this manner, rules which are provided to insure the truth of testimony do not apply; there is no oath, no cross-examination, and no impeachment, except to "rebut the statements of fact therein by evidence". Manual for Courts-Martial, supra, paragraph 75c(2).[2] If an accused does not testify in the sentencing portion of the trial, or relate specific facts as to his truth and veracity in an unsworn statement, then the government cannot offer evidence of his bad reputation for truth and veracity in rebuttal. See *United States v. Stroud*, 44 C.M.R. 480 (A.C.M.R.1971).

By making an unsworn statement which did not include any specific facts as to his truth and veracity, the accused did not place that matter in issue. Therefore, the military judge committed error when he permitted the government to rebut the unsworn statement with evidence of the accused's bad reputation for truth and veracity. We believe it is appropriate to reassess the sentence at this level to purge the error.

Accordingly, the findings of guilty and only so much of the sentence as provides for a bad conduct discharge are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.

1. For appropriate instructions see Department of the Army Pamphlet No. 27–9, "Military Judges' Guide," May 1969, paragraph 8–7.

2. See, *United States v. Jones*, 4 M.J. 545 (A.C. M.R.1977); *United States v. Mandurano*, 1 M.J. 728 (A.F.C.M.R.1975); *United States v. James*, 34 C.M.R. 503 (A.B.R.1963), for examples of appropriate rebuttal.