UNITED STATES, Appellee,

v.

Jerry L. MATHEWS, Private First Class,
U. S. Army, Appellant.

No. 36,178.
SPCM 13189.

U. S. Court of Military Appeals.

April 9, 1979.

For Appellant: *Captain Kevin E. O'Brien* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Major D. David Hostler* (on brief).

For Appellee: *Captain Paul W. Jacobson* (argued); *Colonel Thomas H. Davis, Lieu-*

*tenant Colonel R. R. Boller, Major David McNeill, Jr.* (on brief).

## Opinion

FLETCHER, Chief Judge:

The issue presented in this case examines whether or not the military judge erred in questioning the appellant concerning his waiver of both counsel and right to trial in relation to a prior Article 15, 10 U.S.C. § 815 punishment.

The pertinent facts are clear. The appellant entered his plea of guilty, and the tendered plea was accepted by the trial judge. Prior to the presentation of any evidence at the hearing regarding extenuation and mitigation, the Government offered for admission DA Form 2627, Record of Proceedings under Article 15, UCMJ, relating to the appellant. Upon inquiry by the trial judge, the defense counsel stated that he had no objection to its admission. The appellant then called two witnesses, one of which testified concerning the Article 15. Subsequent to hearing this witness, the trial judge had a bench colloquy with the appellant concerning his understanding of Article 15 procedures and rights exercisable under the law by the appellant. The trial judge on the record satisfied himself that the appellant had waived his right to consult with an attorney prior to his acceptance of an Article 15 proceeding.

Resolution of this issue requires evaluation of our language in *United States v. Booker*, 5 M.J. 238, 244 (C.M.A.1977), as follows:

We believe that the Supreme Court's and this Court's longstanding position of requiring that every reasonable presumption against waiver of the assistance of counsel be indulged, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), mandates that the record affirmatively demonstrate a valid personal waiver by the individual of his right to trial in a criminal proceeding rather than having us infer or assume one solely on the basis of a single check in a box on a prepared form. If the exhibit does not affirmatively establish a valid waiver, the trial judge must conduct an inquiry *on the record* to establish the necessary information. (Footnotes omitted.)

■ Under the facts of *Booker,* this language refers to the introduction of summary court-martial convictions during the hearing on extenuation and mitigation. As *dicta,* this language could be read to embrace within its concepts the admission of a record of a prior Article 15 punishment. We believe, and hereby hold, that the requirements set forth in *Booker* are likewise applicable to the introduction of a record of an Article 15 hearing in extenuation and mitigation at a court-martial.

■ When there has been a plea of guilty, the segment of a trial designated as the extenuation and mitigation hearing obviously is subsequent to entry of the plea. Extenuation and mitigation hearings are not part of the procedures that give rise to a finding of guilty. A sentence does not go to prove that a crime has been committed but results from conviction of a crime. Self-incriminations therefore, stops as to the crime charged at the time the plea of guilty is accepted. We specifically find that Article 31, 10 U.S.C. § 831 is not applicable to extenuation and mitigation hearings except where evidence could be produced that would give rise to a charge being laid to a different crime.

■ The exhibit marked Prosecution Exhibit 2 and attached to the record (DA Form 2627, Record of Proceedings under Article 15, UCMJ) merely contains checks placed in boxes immediately after single statements amounting to waiver of certain privileges allowed either by the UCMJ, Manual for Courts-Martial, United States, 1969 (Revised edition), or service regulations. The signature of the appellant is not discernible nor is there a date showing when the appellant executed the agreement. Under this circumstance, where the defense counsel affirmatively waives objection to the admissibility of the exhibit, the onus then falls upon the trial judge to make the record. We conclude, therefore, that the trial judge here was carrying out his

responsibility under the language of *Booker*.

The decision of the United States Army Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

In my opinion in *United States v. Booker*, 5 M.J. 238, 244 (C.M.A.1977), I dissented to the Court's propoundment of rules of inquiry by the trial judge in regard to the admissibility of a facially admissible record of previous conviction by summary court-martial. I adhere to my disagreement and extend it to the newly-announced expansion of the rules. As to whether preliminary to inquiry the trial judge must advise the accused of the right to remain silent, as provided in Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831, I agree that the article is inapplicable. *See United States v. Kirsch*, 15 U.S.C.M.A. 84, 88, 35 C.M.R. 56, 60 (1964). Since the exhibit was properly admitted into evidence, I join in affirming the decision of the United States Army Court of Military Review.

PERRY, Judge (concurring in the result):

While I agree with the Chief Judge's opinion in general, I write separately to disassociate myself from the statement at page 358 that "[w]e specifically find that Article 31 is not applicable to extenuation and mitigation hearings except where evidence could be produced that would give rise to a charge being laid to a different crime." In my view, that holding is unnecessary to resolution of the case.