UNITED STATES, Appellee,

v.

Private (E–1) David R. HARRIS, SSN 464–25–6720, United States Army, Appellant.

CM 437638.

U. S. Army Court of Military Review.

8 June 1979.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain Larry C. Schafer, JAGC, and Captain Hollis C. Lewis, Jr., JAGC, were on the pleadings for the appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Robert D. Newberry, JAGC, and Captain Paul G. Thomson, JAGC, were on the pleadings for the appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

THORNOCK, Judge:

In a bench trial, the appellant was tried and convicted of various offenses.[1] The trial judge sentenced him to a dishonorable discharge, confinement at hard labor for four years, and total forfeitures. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement at hard labor for one year and one month and total forfeitures.

After findings, the Government offered and the trial judge admitted without defense objection three records of proceedings under the provisions of Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815 (Prosecution Exhibits 3, 4, & 5, Department of the Army (DA) Forms 2627). Prosecution Exhibit 4 in addition to being properly executed also had a waiver of right to trial in a criminal proceeding attached to it indicating that the appellant had consulted with counsel. Appellant assigns as the sole issue on appeal that the remaining two exhibits fail to comply with the *Booker* mandate.[2] Prosecution exhibit 3 is a fully completed and executed (DA) Form 2627. It was properly admitted under the rationale of *United States v. Happel,* 5 M.J. 908 (A.C.M.R.1978).[3] On the copy of Prosecution Exhibit number 5 included in the record, it cannot be determined readily if the appellant signed the DA Form 2627. It is otherwise properly completed and executed.

We note again that the prosecution exhibits were admitted without objection

1. Appellant plead guilty to and was convicted of two specifications of damage to private property in violation of Article 109, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 909; one specification of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921; one specification of housebreaking in violation of Article 130, UCMJ, 10 U.S.C. § 930; and, by exceptions and substitutions, an additional specification of larceny in violation of Article 121, UCMJ, 10 U.S.C. § 921. He plead not guilty to and was acquitted of one specification

of disorderly conduct and one specification of disrespect to a superior commissioned officer in violation of Articles 134 and 89, UCMJ, 10 U.S.C. §§ 934 and 889, respectively.

2. *United States v. Booker,* 5 M.J. 238 (C.M.A. 1978).

3. In his pleadings appellant urges us to overrule *Happel, United States v. Gordon,* 5 M.J. 653 (A.C.M.R.1978), and several other cases. This we specifically decline to do.

by the trial defense counsel and that he has an exacting role in protecting his client's rights.[4] We next note that the staff judge advocate discussed the exhibits in his post-trial review to the convening authority and in substance indicated there was no error in their admission. A copy of that review was properly served on the trial defense counsel in accordance with *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). The trial defense counsel again proffered no objection to the review or the prosecution exhibits. Under these circumstances, where the trial defense counsel had two opportunities to object to matters adverse to his client, we are constrained to invoke waiver. *United States v. Goode, supra* at 6.

Assuming, *arguendo,* that admission of Prosecution Exhibit 5 was error, we can find no risk of prejudice to the appellant in either the sentence of the court or in the action of the convening authority. *United States v. Provance,* 4 M.J. 819 (A.C.M.R. 1978).

Accordingly the findings of guilty and the sentence are affirmed.

Chief Judge DE FIORI and Senior Judge CARNE concur.

---

4. Although this case is factually similar to that of *United States v. Mathews,* 6 M.J. 357 (C.M. A.1979), it is distinguishable. This case was tried well before *Mathews* was decided. We perceive that this distinction plus the double waiver of the defense counsel makes *Mathews* inapplicable to the instant case.