214

UNITED STATES, Appellee,

v.

Jeffery B. BARLOW, Private, U.S. Army, Appellant.

No. 39,101.

SPCM 14509.

U. S. Court of Military Appeals.

Sept. 8, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Elliot J. Clark, Jr.,* and *Captain James A. McAtamney* (on petition).

For Appellee: *Major Ted B. Borek, Captain Michael E. Pfau,* and *Captain Brian X. Bush* (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried on December 14, 1979, by a military judge sitting alone as a special court-martial. Consistent with his pleas, he was found guilty of several specifications involving possession and transfer of marihuana and heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] The military judge sentenced Barlow to a bad-conduct discharge, confinement for 90 days, and forfeiture of $167 pay per month for 6 months. The convening authority approved the sentence but suspended a portion thereof. Subsequently, the findings and sentence were affirmed by the United States Army Court of Military Review.

We granted review on this assigned issue: WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY COMPELLING THE APPELLANT TO ESTABLISH THE FOUNDATION FOR GOVERNMENT EXHIBITS, TWO RECORDS OF NONJUDICIAL PUNISHMENTS, AND BY RECEIVING THOSE RECORDS OF NONJUDICIAL PUNISHMENT INTO EVIDENCE ON SENTENCING.

1. Minor exceptions and substitutions were made in the findings on two specifications.

The substance of this issue, the only one assigned by appellate defense counsel, has been the subject of grants in a number of other cases now pending in this Court. During the hearing on sentence the Government offered in aggravation four records of nonjudicial punishment. There followed this discussion:

MJ: Any objections to prosecution Exhibits 2 through 5 for identification?

IDC: No, Your Honor

MJ: I'm sure you're aware of *Mathews.* Under the provision of that case I'd like to talk with your client briefly about these documents so I can make sure he understands it fully before I act on their offer.

Thereupon, the military judge questioned appellant as to whether he had been informed that he had a right to see a defense counsel in connection with the proposed nonjudicial punishments. The answers revealed that appellant had consulted with counsel as to two of the Article 15's and had decided he did not want to consult with counsel as to a third. The military judge refused to admit the record of a fourth nonjudicial punishment.[2]

In the procedure he followed, the military judge relied on *United States v. Mathews*, 6 M.J. 357 (C.M.A. 1979), where the issue presented was that presented in the case at bar. As recited by Chief Judge Fletcher:

The pertinent facts are clear. The appellant entered his plea of guilty, and the tendered plea was accepted by the trial judge. Prior to the presentation of any evidence at the hearing regarding extenuation and mitigation, the Government offered for admission DA Form 2627, Record of Proceedings under Article 15, UCMJ, relating to the appellant. Upon inquiry by the trial judge, the defense counsel stated that he had no objection to its admission. The appellant then called

two witnesses, one of which testified concerning the Article 15. Subsequent to hearing this witness, the trial judge had a bench colloquy with the appellant concerning his understanding of Article 15 procedures and rights exercisable under the law by the appellant. The trial judge on the record satisfied himself that the appellant had waived his right to consult with an attorney prior to his acceptance of an Article 15 proceeding.

*Id.* at 358.

In his opinion Chief Judge Fletcher concluded that "[s]elf-incrimination . . . stops as to the crime charged at the time the plea of guilty is accepted," and that the decision of the United States Army Court of Military Review should be affirmed. Judge Cook, concurring in the result, agreed that Article 31 was inapplicable and that the questioned record of nonjudicial punishment had been properly admitted into evidence. Judge Perry also concurred in the result.

Since the facts of the case at bar are almost identical with those in *Mathews* — a plea of guilty having been received and no objection having been voiced to the questioning of the appellant—the same result is called for here.

The decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

I agree with the principal opinion that the military judge did not err by questioning the appellant. However, I write separately to express my view that the status of appellant's pleas would have no effect on the outcome of the case. *See* my separate opinion in *United States v. Mathews*, 6 M.J. 357, 359 (C.M.A. 1979).

---

**2.** He remarked: ". . . it's over two years old, so [it] will not be admitted. I don't even want to look at it."