UNITED STATES, Appellee,

v.

Alvin H. SPIVEY, Private, U. S. Army, Appellant,

and

Frederick D. TURRENTINE, Private, U. S. Army, Appellant.

No. 38,555.   CM 438496.
No. 38,598.   CM 439004.

U. S. Court of Military Appeals.

Nov. 10, 1980.

For Appellant (Spivey): *Captain Robert M. Twiss* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Lawrence D. Galehouse, Captain Alan W. Schon* (on brief).

For Appellee: *Captain Kenneth H. Clevenger* (argued); *Colonel R. R. Boller, Major Douglas P. Franklin, Captain Rolland S. Roup* (on brief); *Major David McNeill, Jr.*

For Appellant (Turrentine): *Captain Robert M. Twiss* (argued); *Colonel Edward S. Adamkewicz, Jr., Captain Kevin E. O'Brien* (on brief); *Lieutenant Colonel John F. Lymburner.*

For Appellee: *Captain Kenneth H. Clevenger* (argued); *Colonel R. R. Boller, Major Douglas P. Franklin* (on brief); *Major David McNeill, Jr.*

*Opinion of the Court*

COOK, Judge:

In accordance with his pleas, appellant Spivey was convicted by a general court–martial consisting of a military judge alone of falsely uttering a savings withdrawal form, in violation of Article 123, Uniform Code of Military Justice, 10 U.S.C. § 923. He was sentenced to a dishonorable discharge, confinement at hard labor for 14 months, and total forfeitures. The findings and sentence were approved by the intermediate reviewing authorities. Appellant Turrentine was convicted, in accordance with his pleas, by a general court–martial consisting of a judge alone, of violating a lawful regulation (2 specifications), absence without leave (2 specifications), and wrongful use of an identification card, in violation of Articles 92, 86, and 134, UCMJ, 10 U.S.C. §§ 892, 886, and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 2 years, and total forfeitures. The convening authority approved only so much of the sentence as extended to a bad–conduct discharge, confinement at hard labor for 2½ months, and total forfeitures. His action was affirmed by the United States Army Court of Military Review. The Court granted review of both cases on the following issue:

> WHETHER AN ACCUSED MAY LAWFULLY BE COMPELLED, OVER HIS OBJECTION, TO RESPOND TO AN INQUIRY BY THE MILITARY JUDGE MADE IN PRESENTENCING PROCEEDINGS IN AN EFFORT TO SUPPLY THE INFORMATION MANDATED BY *UNITED STATES v. BOOKER*, 5 M.J. 238 (C.M.A.1977), IN ORDER FOR A PROSECUTION EXHIBIT, OTHERWISE INADMISSIBLE ON ITS FACE BECAUSE IT OMITS SUCH INFORMATION, TO BE MADE ADMISSIBLE?

During Spivey's trial, the trial counsel attempted to introduce three records (DA Forms 2627) of disciplinary proceedings under Article 15, UCMJ, 10 U.S.C. § 815, and defense counsel objected on the basis that these forms did not comply with the requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977). Over defense objection, the military judge asked the appellant if he had been advised of his right to consult counsel prior to the imposition of punishment; the appellant admitted he had been so advised. He also questioned appellant as to whether he had exercised his right to appeal; the appellant responded appropriately. Thereafter, the military judge admitted the records of the Article 15 proceedings.*

During Turrentine's trial, the trial counsel proffered records of previous conviction by a general court–martial and by a summary court–martial. Over defense objection, the military judge questioned the appellant as to the advice that was given to him concerning his right to consult with counsel and to reject trial by summary court–martial. The records and a DA Form 458 were subsequently admitted into evidence.

In *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), the Court held that an inquiry like those in the present cases did not violate the provisions of Article 31, UCMJ, 10 U.S.C. § 831. That holding was recently reaffirmed in *United States v. Barlow*, 9 M.J. 214 (C.M.A.1980). Appellants here, however, seek to distinguish *Mathews* and *Barlow* on the basis that, unlike the present cases, there was no objection made in either *Mathews* or *Barlow*. We disagree.

Initially, we note that the granted issue is arguably moot because the Court held, after appellants' petitions were granted, that preliminary inquiries by military judges were not required to establish the admissibility of documents similar to the ones in question where the forms were properly completed. *United States v. Mack*, 9 M.J. 300 (C.M.A.

---

* In Spivey's case, the military judge originally ruled that one of the records was inadmissible because it contained extraneous matters. He then questioned the evidence custodian who prepared another exhibit without the extraneous matter. Contrary to appellant's argument on appeal, we do not perceive the trial judge's action as a departure from an impartial role. *See United States v. Hobbs*, 8 M.J. 71 (C.M.A. 1979).

1980). The forms in the present cases were all properly completed. However, we pass over the question of mootness to consider the extent to which a military judge may question an accused to establish the admissibility of records of proceedings under Article 15, *supra*, and Article 20, UCMJ, 10 U.S.C. § 820, because the matter is important to proper trial procedure.

In *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980), the Supreme Court reaffirmed the principle of *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972), that:

> a judge may appropriately conduct . . . [a sentence] inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.

*See United States v. Mack, supra,* at 317. Thus, the Court's approach in *Booker* and *Mathews* infringed upon no constitutional rights of an accused where the inquiry involved no evidence of another crime. Although *Mathews* and *Barlow* did not involve a defense objection, appellants' arguments misconstrue the basis of the holdings of those cases, *i. e.*, they were predicated on the conclusion that an accused has no right to remain silent under either the Fifth Amendment or Article 31, rather than some doctrine of waiver. We adhere to those cases. Thus, we also disagree with the analysis of our brother Judge who would reach a different conclusion if an accused entered a plea of not guilty. In neither case is the inquiry involved with evidence of the commission of a crime and therefore, under our view set forth in *Mathews*, neither Article 31 nor the Fifth Amendment would shield an accused from answering questions designed to establish the admissibility of records of proceedings under Articles 15 and 20 of the Code.

Appellants further submit that the following language in paragraph 53*h*, Manual for Courts–Martial, United States, 1969 (Revised edition), precludes an inquiry by the military judge:

However, after a determination of guilt has been reached, the military judge or president of a special court–martial without a military judge will personally remind the accused of his rights to make a sworn or unsworn statement to the court in mitigation or extenuation of the offenses of which he stands convicted, or to remain silent. See 75*c* (2).

This paragraph is concerned with an accused's options to present matters during the sentencing portion of the hearing. It does not purport to grant an accused a right to remain silent independent of Article 31 and the Fifth Amendment. Rather, the paragraph merely imposes an obligation upon the military judge to remind an accused of his various options. *See United States v. Hawkins*, 2 M.J. 23 (C.M.A.1976).

Accordingly, in each case, the decision of the United States Army Court of Military Review is affirmed.

Judge FLETCHER concurs.

EVERETT, Chief Judge (concurring in the result):

In *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), and in *United States v. Barlow*, 9 M.J. 214 (C.M.A.1980), there were pleas of guilty. According to paragraph 70*b*, Manual for Courts–Martial, United States, 1969 (Revised edition), such a plea by an accused, "if accepted, waives his right against self–incrimination." In like fashion, the Supreme Court has stated that "[a] defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self–incrimination, his right to trial by jury, and his right to confront his accusers." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969) (footnote omitted). Therefore, if, as in the cases at hand, a guilty plea has been accepted as provident and findings of guilt have been entered thereon, this waiver of self–incrimination would clearly encompass the information about consultation with

counsel which the military judge adduced from Spivey and Turrentine. Since Article 31(a), UCMJ, 10 U.S.C. § 831(a), in my view, parallels the Fifth Amendment privilege against self–incrimination, *see United States v. Armstrong,* 9 M.J. 374 (C.M.A. 1980), the waiver of the privilege against self–incrimination includes a waiver of any rights granted by Article 31(a).[1] Of course, the warning requirements of Article 31(b) were not intended to apply in this context. *Cf. United States v. Armstrong, supra; United States v. Howard,* 5 U.S.C.M.A. 186, 17 C.M.R. 186 (1954). Thus, because of the waiver inherent in their pleas of guilty, neither of the appellants had a basis for objecting to the questions posed to them by the military judge.[2]

However, if we were dealing here with pleas of not guilty, a different result would be called for. Until a conviction has become final on appeal, the privilege against self–incrimination survives with respect to the offenses of which the accused is convicted. Unlike a plea of guilty, a conviction does not waive the privilege against self–incrimination. Of course, information about an accused's consultation with counsel in connection with a prior nonjudicial punishment or summary court–martial conviction has no probative force with respect to commission of the offenses which gave rise to the prior nonjudicial punishment or conviction. The presence or absence of consultation with counsel on those earlier occasions is a neutral fact as to the guilt or innocence of the prior offenses and also as to the guilt or innocence of the offenses on which the accused stands trial.

Nonetheless this information is being adduced from the accused in order to aggravate his punishment, since the proof of prior guilt and punishment tends to increase the severity of the later sentence. When a defendant is called as a witness and required over defense objection to give information which will tend to increase his punishment, he is being compelled to become a witness against himself–in violation of both Article 31 and the Fifth Amendment.

A comparison may be made to the situation that would be present if an accused who had pled not guilty was called to the stand by the Government or by the military judge and asked, over defense objection, whether he had consented to a search wherein incriminating evidence was found. The fact that consent was given is neutral and has no tendency to show that the accused was guilty of any offense. The consent is not a "statement" concerning the offense. *Cf. United States v. Insani,* 10 U.S.C.M.A. 519, 28 C.M.R. 85 (1959); *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Indeed, an innocent person might be more willing than a guilty one to consent to a search of his belongings. Nonetheless, I do not consider that it would be permissible under such circumstances for the prosecution or military judge to call the accused as a witness to testify that he had given consent for a search.

The Fifth Amendment shields a suspect or an accused from the dilemma of choosing between testifying falsely and injuring his own cause. That shield can be waived by a plea of guilty–and perhaps sometimes by a

1. The Manual for Courts–Martial confers upon an accused certain rights in connection with presentencing mitigation and extenuation evidence for sentencing purposes. *See* paras. 53*h* and 75*c*, Manual for Courts–Martial, United States, 1969 (Revised edition). In this portion of the trial, an accused may make either a sworn or an unsworn statement or may remain silent. However, these Manual provisions do not appear intended to deal with inquiries made of an accused as to what formalities, if any, accompanied his receipt of nonjudicial

punishment or conviction by summary court–martial on some earlier occasion.

2. In Spivey's trial the military judge went far in initiating the introduction into evidence of a portion of the accused's service record as a prosecution exhibit. However, I do not view his actions in this regard as an abandonment of judicial impartiality. Instead, the judge appears to have been motivated by excessive zeal in attempting to comply with the dictates of *United States v. Mathews,* 6 M.J. 357 (C.M.A. 1979).

failure to object. However, if there is a plea of not guilty and suitable defense objection, an accused is entitled to remain mute about any matter pertinent to the determination of guilt or to his sentence. Because the principal opinion may be construed to establish a different principle with respect to records of nonjudicial punishment and conviction by summary court—martial when offered for sentence purposes, I am impelled to write this separate opinion.