## UNITED STATES

v.

**Airman Sterling L. COLLINS, FR 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, United States Air Force.**

**ACM S25089.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Aug. 1980.

Decided 18 Dec. 1980.

Before ARROWOOD, KASTL and MAHONEY, Appellate Military Judges.

### DECISION

PER CURIAM:

Contrary to paragraph 75c(2), Manual for Courts-Martial 1969 (Rev.), the military judge questioned the accused during his unsworn statement. However innocent the intent, this violation of the accused's right to testimonial silence was error. *United States v. Wells*, 13 U.S.C.M.A. 627, 33 C.M.R. 159 (1963); *United States v. Strivers*, 12 U.S.C.M.A. 315, 30 C.M.R. 315 (1961); *United States v. King*, 12 U.S.C.M.A. 71, 30 C.M.R. 71 (1960); *United States v. Suttles*, 6 M.J. 921 (AFCMR 1979); *United States v. Whitt*, 9 M.J. 953 (NCMR 1980); *United States v. Hayworth*, 43 C.M.R. 509 (ACMR 1970).*

Testing the error for possibility of prejudice, we find none. As a result of the military judge's questions the accused related: (1) that he was the accused, and (2) his military duty specialty.

The approved findings of guilty and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

---

* We have not overlooked the possible applicability of *United States v. Spivey*, 10 M.J. 7 (CMA 1980), to the issue of whether the court may question the accused upon an unsworn allocution statement. We view *Spivey* as inapplicable. The holding in that case is properly limited to allowing the military judge, in determining the admissibility of personnel records for sentencing, to ask nonincriminatory foundational questions of the accused. As to the *substance* of any matters related to determination of an appropriate sentence, including matters contained in personnel records, *Spivey* does not alter the basic rule that, during the sentencing portion of the trial, the accused has the right to make a statement, sworn or unsworn, or to remain silent. *See* paras. 53h and 75c, Manual for Courts-Martial 1969 (Revised edition). *See also United States v. Spivey, supra*, Everett, Chief Judge (concurring in the result), at 10, fn. 1. As indicated by the cases cited in the text, if the accused elects to remain silent, or to make an unsworn statement, neither the military judge (as sentencing authority), nor the court members, nor the prosecution may question him. However, notwithstanding such election, the military judge (as law giver) may, out of the presence of court members, inquire of the accused if essential to a required determination of law. Two examples antedating *Spivey* are where the defense raises matter inconsistent with previously accepted plea of guilty, *United States v. Care*, 18 U.S.C.M.A. 525, 40 C.M.R. 247 (1969), or where the defense requests imposition of a punitive discharge, *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970).