UNITED STATES, Appellant,

v.

Willie NICHOLS, Airman Apprentice, U. S. Navy, Appellee.

No. 40,404.

NCM 80 1268.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Commander T. C. Watson, Jr., JAGC, USN, Lieutenant Anne L. MacArthur, JAGC, USN* (on brief).

For Appellee: *Lieutenant Earl B. Taylor, JAGC, USNR* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellee was tried by special court-martial consisting of a military judge alone and, pursuant to his pleas, was convicted of unauthorized absences of one hour and 29 days, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. His sentence to a bad-conduct discharge, forfeiture of $250 pay per month for 4 months, and reduction to pay grade E–1 was approved by the convening and supervisory authorities without change. However, the United States Navy Court of Military Review concluded that prejudicial error had occurred during the presentence proceedings and, upon reassessment, approved the sentence except for the discharge. In turn, the Judge Advocate General of the Navy certified the following issue:

WAS THE UNITED STATES NAVY COURT OF MILITARY REVIEW CORRECT, AS A MATTER OF LAW, WHEN IT FOUND THAT THE MILITARY JUDGE'S EXPECTATION THAT THE DEFENSE ENLIGHTEN HIM CONCERNING THE NATURE OF A CONTROLLED SUBSTANCE CONTAINED IN A RECORD OF NONJUDICIAL PUNISHMENT UNFAIRLY DEPRIVED THE ACCUSED OF HIS RIGHT TO REMAIN SILENT DURING THE SENTENCING PROCEEDINGS?

During the presentence proceedings, the Government offered into evidence several

records of nonjudicial punishment. Two purported to be for violations of a naval regulation by "possession of a controlled substance." Defense counsel objected that his records should be excluded because the reference to a controlled substance "allows the court to speculate as to the exact nature of the controlled substance." In overruling this objection, the judge commented:

> In regards to your objection to [exhibits] 1 and 2, a controlled substance, I believe it does at least show what the violation of the regulation is. There's some question as to what that controlled substance was. And if it is, in fact, that—the most minor controlled substance you can think of, or something less than the most serious, I would expect to the defense to enlighten the court on that subject. Since it certainly is within their knowledge.

The defense, however, made no attempt to make more explicit the nature or quantity of the controlled substance which had given rise to the two Article 15 punishments.

The Court of Military Review recognized that "[a] sentencing authority may draw reasonable inferences from unrebutted evidence"; but it added:

> Under the circumstances of this case, however, we find that the military judge's expectation that the defense enlighten him concerning the prior nonjudicial punishments or suffer an adverse inference not warranted by the evidence already before the Court, unfairly deprived the accused of his right to remain silent during the sentencing proceedings.[1]

The court concluded that the situation in the case at bar was different from that presented in *United States v. Spivey*, 10 M.J. 7 (C.M.A.1980).

---

1. The Court below also concluded that one of the Article 15's was inadmissible for other rea-

■ We have held that an accused who has been found guilty may be asked during the presentence proceedings about certain formal aspects of records of nonjudicial punishment which the Government seeks to offer in evidence. *United States v. Spivey, supra.* However, we agree with the court below that we did not intend in *Spivey* to authorize general questioning of an accused about offenses for which he is not on trial, even if those offenses previously resulted in nonjudicial punishment. Moreover, the waiver of the privilege against self-incrimination which is implicit in a plea of guilty applies only to the offense with which an accused is charged, and has no bearing on other offenses. Thus—consistent with appellee's right to remain silent, even after findings of guilty have been rendered—the military judge should not have attempted, either directly or indirectly, to compel him to discuss other offenses for which he was not then on trial.

■ Of course, in this case the accused did not take the stand to rebut the inference. Nonetheless, he was injured, since the judge was not entitled to infer from the ambiguous term "controlled substance" that the drugs possessed were the most serious. By his inference, the judge was seeking arbitrarily to create evidence; instead, he should only have considered the records of nonjudicial punishment to mean exactly what they said—namely, that the accused had possessed *some* controlled substance of some undefined quantity.

Accordingly, we answer the certified question in the affirmative and affirm the decision of the United States Navy Court of Military Review.

Judges COOK and FLETCHER concur.