UNITED STATES, Appellee,

v.

**Private (E–2) Dennis MOSES, SSN 434–15–9325, United States Army, Appellant.**

**CM 436212.**

U. S. Army Court of Military Review.

27 Feb. 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain Jacob J. Holeman, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, and Captain Michael J. Hurley, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Judge:

Contrary to his pleas, the appellant was found guilty of attempted rape and resisting apprehension in violation of Articles 80 and 95, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 895, respectively. The court members sentenced him to a bad-conduct discharge, confinement at hard labor for 12 months, forfeiture of $250.00 pay per month for 12 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The appellant alleges, *inter alia*, that the military judge's order excluding spectators from the courtroom operated to deprive him (the appellant) of a public trial as guaranteed by the Sixth Amendment to the United States Constitution.

The facts surrounding the judge's order are not in dispute. Following testimony from the last defense witness, defense counsel, in an out-of-court hearing, requested that the victim be recalled so he could ask her three questions, two of which she had earlier refused to answer.[1] After granting the motion the judge asked:

"Would the defense have any objection to excluding the spectators during her further examination? What I'm driving at is I'm just surmising that it might be a little easier to get her to testify if we have as few people here as possible." Defense counsel replied that he had "No objection."

At the close of the victim's testimony, the following colloquy occurred:

"TC: The government has nothing further, Your Honor. We would request, however, that if anybody on the panel has questions for this witness, that they be asked at this time, while the spectators are still out of the courtroom.

MJ: Let's just keep them out until we get the rest of the evidence in. You are again excused subject to recall.

. . . . .

MJ: Does the defense have any further evidence?

DC: Your Honor, defense has no further evidence.

MJ: Does the government have any further evidence?

TC: The government would like to recall Sergeant McDowell for one series of questions, Your Honor.

MJ: All right."

Sergeant McDowell took the stand and proceeded to answer five questions asked by the Government and two questions asked by the defense. These concerned the victim's social activities and supported her testimony. It does not appear that the spectators were readmitted until sometime after Sergeant McDowell had concluded his testimony.

The Sixth Amendment right to a public trial applies in courts-martial as well as civilian trials. *United States v. Grunden*, 25 U.S.C.M.A. 327, 54 C.M.R. 1053, 2 M.J. 116 (1977); *United States v. Brown*, 7 U.S.C.M.A. 251, 22 C.M.R. 51 (1956). That right is not absolute, however, but is subject to certain exceptions. Among the exceptions in which exclusion of the public has been

---

1. The questions concerned the victim's "sex history."

recognized as necessary are to protect classified information (*United States v. Grunden, supra*), to protect youthful witnesses (*United States v. Brown, supra*), and to protect the complaining witness in a rape case in relating the lurid details (*Harris v. Stephens*, 361 F.2d 888 (8th Cir. 1966), *cert. denied*, 386 U.S. 964, 87 S.Ct. 1040, 18 L.Ed.2d 113 (1967).) In making an exception, the trial judge must act ". . . within carefully limited guidelines"; "the exclusion of the public [must be] narrowly and carefully drawn"; and "the exclusion must be used sparingly with the emphasis always toward a public trial." *United States v. Grunden, supra.*

The instant case comes within the exception noted in *Harris v. Stephens, supra.* By briefly excluding the public, the judge sought to protect the sensibilities of the rape victim, but even more important to this accused he sought to facilitate the defense counsel's cross-examination.[2] The judge limited the exclusion of the public to only a few questions on recall of the victim and another witness,[3] an almost infinitesimal part of their testimony, and the subject matter concerned a collateral issue. We find this approach completely within the dictates of *Grunden*. This trial judge used the "constitutionally required scalpel" referred to by Chief Judge Fletcher in *Grunden* in carrying out the exception.

Appellant's claim of denial of a constitutional right is without merit for yet another reason. He waived the right to the presence of the public during the brief period of testimony. It was in his own best interest to do so. The judge suggested the procedure as a means of inducing further testimony and he asked if the defense had any objection. The defense had none. There is a complete absence of any indication that the appellant was coerced or pressured into giving his consent. We conclude, therefore, that the appellant waived his right to a public trial during the brief peri-

ods of testimony in question. *Singer v. United States*, 380 U.S. 24, 35, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965); *Aaron v. Capps*, 507 F.2d 685 (5th Cir. 1975).

We have considered the other assigned errors and find them to require no discussion or corrective action.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge De-FORD concur.

---

2. The prosecutor assisted by obtaining a female interpreter who facilitated the defense's questioning of the victim at this juncture.

3. The exclusion of the public during SGT McDowell's testimony was probably inadvertent.