**UNITED STATES**

**v.**

**Airman First Class Nancy L. CZAR-NECKI, FR 354–48–3038, United States Air Force.**

**ACM S24985.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 May 1980.

Decided 14 Nov. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

PER CURIAM:

No specific errors have been assigned by appellate defense counsel, and our review of the record discloses none in any way affecting the accused. However, we do detect an error detrimental to public interest.

Pursuant to her pleas, the accused was convicted of three transfers of marihuana to another Air Force member. Shortly before her court–martial, she was convicted by a civilian court on a charge of possession of marijuana.

Without substantial foundation, or adequate findings of fact, the military judge, at the request of the accused, excluded spectators from the courtroom during her testimony in the sentencing phase of the trial. The stated reason for the request was that the testimony would be "sensitive and personal." In fact, what the accused related (in addition to circumstances of the offenses) were the conditions of civilian confinement she encountered following her arrest and pursuant to her 20 day jail sentence.[1]

█ It is well established that the meaning of the right to a public trial in courts–martial is as full and complete as in civilian courts. *United States v. Grunden,* 2 M.J. 116 (C.M.A.1977); *United States v. Mercier,* 5 N.J. 866 (A.F.C.M.R.1978); pet. denied 6 M.J. 157 (C.M.A.1978); *United States v. Moses,* 4 M.J. 847 (A.C.M.R.1978), pet. denied 5 M.J. 207 (C.M.A.1978). Recently the Supreme Court of the United States amplified that right in *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). In the principal opinion in that case, the Chief Justice stated:

A trial courtroom is a public place where people generally–and representatives of the media–have a right to be present, and where their presence historically has been thought to enhance the integrity and quality of what takes place. [footnote omitted].

100 S.Ct. at 2828.

To work effectively, it is important that society's criminal process "satisfy the appearance of justice," and the appearance of justice can best be provided

---

1. The details in the accused's testimony were somewhat clinical and unpleasant, but certainly not shocking or unduly graphic. They extended to body–cavity searches, unpalatable food, unsanitary conditions, and the unsavory nature of fellow inmates. We find no indication in the record that this 21 year old accused could not have coherently presented her testimony in the presence of spectators. To the extent her embarrassment may have been increased by the presence of spectators, there is no basis in the record to conclude that such embarrassment outweighed the Constitutional right of the spectators to be present.

by allowing people to observe it. [citation omitted].

100 S.Ct. at 2825.

Absent an overriding interest articulated in findings, the trial of a criminal case must be open to the public. [footnote omitted].

100 S.Ct. at 2830.

■■■ We hold that the decision of the United States Supreme Court in *Richmond Newspapers* is applicable to trials by courts–martial.[2] Prior to excluding all or portions of the public from viewing a court–martial, the military judge must articulate findings warranting, and limiting as narrowly as possible, the infringement upon the Constitutional right of the public to attend courts–martial of the United States.[3]

In the instant case, the approved findings of guilty and sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

---

2. In fairness to the trial judge, we note that this case was tried some four months prior to the United States Supreme court decision in *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).

3. Neither our decision, nor the decision of the United States Supreme Court in *Richmond Newspaper, Inc. v. Virginia, supra,* changes existing case law concerning when all or certain classes of the public may be properly excluded from all or certain portions of a court–martial. E. g., *United States v. Marshall,* 3 M.J. 1047 (A.F.C.M.R.1977). Moreover, we do not mean to imply, by virtue of today's decision that other limitations on attendance at courts–martial are in any way modified. Military members, for example, must be properly excused from their duties in order to attend trial. Members of the public not otherwise authorized to be present upon a military installation are not so authorized by virtue of the trial of a court–martial on the installation.

We also view as unaltered the provisions of paragraphs 53e and 53f, Manual for Courts–Martial, 1969 (Rev.). In particular, we note that persons other than the accused have no standing before the court–martial to object to the exclusion of spectators. The protection of the public right to attend trial rests solely within the sound discretion of the trial judge, applying the standards referenced and set forth herein.