**UNITED STATES**

v.

**Airman James R. JONES, FR 267–57–9893 United States Air Force.**

**ACM S25212.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Feb. 1981.

Decided 23 July 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain Douglas H. Kohrt and Captain Patrick A. Tucker, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain George D. Cato.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

**DECISION**

PER CURIAM:

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded that the findings and sentences are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed.

The accused was not prejudiced by the convening authority's decision to refer his case to court-martial based in part upon the commander's statement in the Air Force Form 65, Transmittal of Court-Martial Charges, which disclosed the accused's previous completion of the Air Force Drug and Alcohol Abuse Rehabilitation Program. Such information is generally confidential and cannot "be used to initiate or substantiate any criminal charges or to conduct any investigation of a patient." Public Health Service, 42 C.F.R. section 2.1(a) (1980). The Air Force has, by policy, adopted the standards of this regulation except for the exemptions found in Air Force Regulation 30–2, Social Actions Program, Figure 4–6, paragraph IIa(5), dated 8 November 1976.[1] Among the exemptions is a provision that commanders in the member's chain of command are "authorized to review, handle, or have access to drug and alcohol abuse evaluation and rehabilitation files." In addition, senior installation commanders' responsibilities include reviewing the status of personnel involved in drug abuse incidents and ensuring that the proper disposition action is taken. Air Force Regulation 30–2, Social Actions Program, paragraph 4–8e, dated 8 November 1976.[2]

In *United States v. Schmenk,* 11 M.J. 801 (A.F.C.M.R.1981), we held the convening authority is properly permitted to consider records or other evidence of the accused's participation in the drug rehabilitation program and to use that information in determining whether to exercise clemency,

1. Now found at paragraph 3–43a, AFR 30–2, Social Actions Program, dated 22 June 1981.

2. Now found at paragraph 3–9h, AFR 30–2, Social Actions Program, dated 22 June 1981.

818

or grant opportunity for rehabilitation. The same principle applies to the convening authority's pre-trial decisions. The convening authority may use such information properly before him in deciding whether to take court-martial action against the accused based upon misconduct not arising from the accused's participation in the drug rehabilitation program. We hold, therefore, that the convening authority did not err in considering the accused's prior participation in the drug rehabilitation program in making the decision to refer to court-martial, charges based upon the accused's subsequent misconduct.

Accordingly, the findings of guilty and sentence are

AFFIRMED.

MILLER, Judge (dissenting):

As stated in my dissent in *United States v. Schmenk,* 11 M.J. 801, (A.F.C.M.R. 1981), current Air Force regulations prohibit the commander, as a member of the accused's rehabilitation committee, from disclosing in criminal proceedings any information concerning the accused's participation in a drug rehabilitation program unless the accused affirmatively waives such disclosure in writing. The convening authority's referral of the charge to trial is a part of the "criminal proceedings," which begin with preferral of charges. As such, the commander's use of confidential information on the Air Force Form 65, Transmittal of Court-Martial Charges, was clearly in violation of the accused's exclusionary privilege * that is automatically invoked on behalf of the accused unless he specifically directs otherwise. Therefore, I believe the rights of the accused were substantially prejudiced.

* *See United States v. Schmenk,* 11 M.J. 801, (A.F.C.M.R.1981), where I indicate my belief that while this regulatory privilege exists in contravention of Rule 501 of the Military Rules of Evidence, the government, by virtue of its failure to amend these regulations in conformity with Rule 501, is estopped from denying privileges still existing therein.