**UNITED STATES**

v.

**Michael Dwain SAUER, 315 70 9095, Mess Management Specialist Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 80 1114.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 4 Oct. 1979.

Decided 31 July 1981.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and SANDERS and BOHLEN, JJ.

GLADIS, Senior Judge:

The accused was convicted contrary to his pleas by a general court-martial composed of members of 12 specifications alleging wrongful possession, sale, and transfer of lysergic acid diethylamide and marijuana in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and sentenced to a dishonorable discharge, confinement at hard labor for 9 months, forfeiture of all pay and allowances, and reduction to pay grade E–1.[1]

Appellate defense counsel assigns 10 errors. We summarily reject assignments I, II, and VII through X. We find partial merit in assignment VI and briefly discuss, but reject the remaining assignments. We find that Prosecution Exhibit 20, evidence of a prior nonjudicial punishment, was erroneously admitted in violation of the accused's Fifth Amendment rights and note that the approved forfeitures are excessive. We shall modify the findings and reassess the sentence to cure the errors.

### III

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ALLOWING THE COURT MEMBERS TO CONSIDER MR. SUMNER'S NONRESPONSIVE ANSWER WHICH CONTAINED INADMISSIBLE HEARSAY.

■ The accused was not prejudiced by the hearsay answer complained of because it was cumulative of overwhelming admissible evidence establishing the disputed fact beyond a reasonable doubt. (R. 175 *et seq.*; 184, 191–192, 193–195).

### IV

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ALLOWING MR. SUMNER'S TESTIMONY, AS TO HIS OPINION OF THE CHEMICAL IDENTIFICATION OF PROSECUTION EXHIBITS # 7 AND # 14, TO BE CONSIDERED BY THE COURT MEMBERS.

■ Naval Investigative Service Special Agent Sumner testified that he received on-the-job training from a chemist in the microscopic identification of marijuana and the performance of the Duquenois reagent test while working for the San Diego County Sheriff's Department. Additionally, he had one week's training in drug testing procedures at a narcotics school run by the Naval Investigative Service. (R. 175). He performed the Duquenois test roughly 250 times and microscopic identification of marijuana on approximately 200 occasions. (R. 176). On no occasion, in his experience, when both the Duquenois test and microscopic examination indicated the substance was marijuana has subsequent analysis, by a chemist, indicated the contrary. (R. 176). Based on the two above-mentioned tests and the appearance and smell of Exhibits 7 and 14 it was Sumner's opinion that these exhibits were marijuana. (R. 177). To determine that a particular substance contains cannabis, all that is necessary is microscopic examination combined with the Duquenois-Levine test. *People v. Park*, 72 Ill.2d 203, 20 Ill.Dec. 586, 380 N.E.2d 795 (1978). The test performed by Agent Sumner was the Duquenois-Levine test. (R. 175). His testimony was properly admitted.

### V

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO GIVE THE DEFENSE REQUESTED INSTRUCTION ON REASONABLE DOUBT.

A. THE MILITARY JUDGE ERRED BY USING THE PHRASE "WILLING TO ACT" VICE "HESITATE TO ACT" IN HIS INSTRUCTION ON REASONABLE DOUBT.

---

1. The specifications of which the accused was convicted merged into four offenses for sentencing purposes. He was acquitted of five specifications alleging attempted possession, sale, and transfer of amphetamines and one specification alleging larceny.

## B. THE MILITARY JUDGE ERRED BY FAILING TO GIVE THE "HYPOTHESIS OF INNOCENCE" INSTRUCTION.

### A.

■ The instruction given by the military judge on reasonable doubt was erroneous. Although the judge did not equate reasonable doubt with substantial doubt, in explaining reasonable doubt he used the "willing to act" language from the standard instruction found in paragraph 2–4, *DA Pamphlet 27–9, Military Judge's Guide* (19 May 1969). This language has been rejected by the Court of Military Appeals. *United States v. Cotten*, 10 M.J. 260 (C.M.A. 1981). Even though defense counsel objected and proposed a substitute instruction defining reasonable doubt in terms of "hesitation to act", we are satisfied that in this case the accused has not been prejudiced. *See United States v. Moss*, 10 M.J. 329 (C.M.A.1981).

### B.

■ The military judge properly instructed the members as to the presumption of innocence. A hypothesis of innocence instruction such as that proposed by trial defense counsel in this case is unnecessary when the members are properly instructed on reasonable doubt. *Holland v. United States*, 348 U.S. 121, 139–140, 75 S.Ct. 127, 137–38, 99 L.Ed. 150 (1954). Refusal to give such an instruction is not reversible error, even though the judge uses the condemned "willing to act" language in defining reasonable doubt, as long as the instruction in its entirety could not mislead the members into finding no reasonable doubt when in fact there was some. *Id.* We find no fair risk that the instruction as given here could have misled the members.

### VI

THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THE APPELLANT'S GUILT AS TO CHARGE II AND ALL SUPPORTING SPECIFICATIONS.

■ We are convinced that the evidence establishes the accused's guilt of the Charge and specifications of which he was convicted beyond a reasonable doubt, except that the amount of marijuana alleged in specifications 4, 5, and 6 was not proven. Trial counsel in effect conceded this in his argument on findings. (R. 326). The amount of marijuana alleged in specifications 7, 8, and 9 was proved by testimony that one-quarter pound was purchased. (R. 75). We shall modify the findings and reassess the sentence.

■ After defense counsel objected to the admission of Prosecution Exhibit 20, evidence of a prior nonjudicial punishment, because compliance with requirements of *United States v. Booker*, 5 M.J. 238 (C.M.A. 1977), for admissibility had not been established, the military judge, relying on *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), elicited information from the accused showing that the *Booker* requirements had been satisfied. This was error. Any effort to compel an accused to testify against his will at the sentencing hearing clearly contravenes the Fifth Amendment. The essence of the basic constitutional principle that no person shall be compelled in any criminal case to be a witness against himself is the requirement that the Government which proposes to convict *and punish* an individual produce the evidence by the independent labor of its own officers, not by the simple, cruel expedient of forcing it from his own lips. *Estelle v. Smith*, —— U.S. ——, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). *Contra, United States v. Spivey*, 10 M.J. 7 (C.M.A. 1980); *United States v. Mathews, supra.* The *Mathews/Spivey* holding that an accused may be compelled to respond to an inquiry by the military judge during presentencing proceeding to supply information establishing the admissibility of an otherwise inadmissible prosecution exhibit has been emasculated by the Supreme Court's ruling in *Estelle v. Smith, supra. Mathews* and *Spivey* have, in effect, been overruled. Therefore, Prosecution Exhibit 20 was inadmissible. We shall reassess the sentence.

The approved forfeitures violate the policy in paragraph 88b, *Manual for Courts-Martial, 1969 (Rev.),* that an accused who is not serving confinement should not be deprived of more than two-thirds of his pay for any month.

Accordingly, the findings of guilty as approved on review below are affirmed except for the words and figures "25.41 grams, more or less, of" in specifications 4, 5, and 6 of Charge II. Upon reassessment, only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for 9 months, total forfeitures for 4½ months and forfeiture of $333.00 per month for 12 months thereafter is affirmed.

Judge SANDERS and Judge BOHLEN concur.