# UNITED STATES

### v.

**Airman First Class Michael D. HARDY, FR 436–04–3260 United States Air Force.**

**ACM S25320.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 11 June 1981.

Decided 22 Dec. 1981.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Richard A. Morgan.

Appellate Counsel for the United States: Colonel James P. Porter and Major George D. Cato.

Before POWELL, KASTL, and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Prior to admitting in evidence two adverse personnel actions offered by the government for consideration during the sentencing phase of the trial, the military judge questioned the accused to elicit an adequate foundation to establish that the documents were properly entered in the personnel records. We hold that compelling the accused to assist in establishing the admissibility of otherwise inadmissible prosecution exhibits violated his privilege against self-incrimination.

Absent an affirmative waiver, the accused's right to remain silent at his own trial, including the sentencing hearing, is inviolate. "Any effort by the State to compel [an accused] to testify against his will at the sentencing hearing clearly would contravene the Fifth Amendment." *Estelle v. Smith*, 451 U.S. 454, 463, 101 S.Ct. 1866, 1873, 68 L.Ed.2d 359, 369 (1981).

■ There are, of course, many questions which may be directed to the accused during trial concerning his understanding of trial procedure, and the rights and elections available to him. No Fifth Amendment issue is raised by the answers to those questions because they are considered only to insure due process, and not to convict or punish the accused. Otherwise, however, an accused may not be questioned at trial absent an affirmative expression of consent. Such consent may be explicit, following appropriate advice of the right to remain silent, or it may be implied from the circumstances. By testifying, for example, the accused waives the right to remain silent as to any matters raised by his testimony. *See, United States v. Bartlett*, 12 M.J. 880 (A.F.C.M.R.1981). Likewise, an implied waiver of the right to remain silent exists in an offer to plead guilty, which requires extensive inquiry of the accused by the military judge, *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); *United States v. Green*, 1 M.J. 453 (C.M.A. 1976), or an offer to stipulate facts or testimony, whether or not amounting to a plea of guilty. *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977).[1]

---

1. We do not purport to exhaust herein the circumstances from which an in-court waiver of the right to remain silent may be inferred. *E.g., United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.A. 26 (1970); *United States v. Worrell*, 3 M.J. 817, 823–24, note 8 (A.F.C.M.R. 1977) (request by or on behalf of accused for a punitive discharge in lieu of other punishment).

Moreover, in some circumstances, the in-court admissibility of defense evidence may be conditioned upon a limited out-of-court waiver of the right to remain silent. *See, United States v. Frederick*, 3 M.J. 230, 232 (C.M.A.1977); *United States v. Babbidge*, 18 U.S.C.M.A. 327, 40 C.M.A. 39 (1969) (admissibility of psychiatric testimony based upon accused's voluntary

■ In this case, the military judge, following the procedure suggested by the. Court of Military Appeals in *United States v. Booker*, 5 M.J. 238, 244 (C.M.A.1977), and expressly sanctioned in *United States v. Spivey*, 10 M.J. 7 (C.M.A.1980) and *United States v. Matthews*, 6 M.J. 357 (C.M.A. 1979), conducted an inquiry of the accused to determine whether all of the procedural requisites for entering two personnel actions in the accused's records had been properly accomplished. As related by the accused, both the Article 15, and the letter of reprimand, which were incomplete on their faces, were properly completed. As determined by the trial judge, both actions were properly entered in the accused's personnel records, and would ordinarily have been admissible for consideration on sentencing. Manual for Courts-Martial, 1969 (Rev.), para. 75d. However, in view of the Supreme Court's decision in *Estelle*, we hold that the military judge's reliance upon the accused's responses as foundation for the admission of the Article 15 and the letter of reprimand renders improper their receipt in evidence. *United States v. Sauer*, 11 M.J. 872 (N.M.C.M.R.1981). To eliminate any possible prejudice resulting from their consideration by the military judge as sentencing authority, we will disregard those exhibits and reassess the sentence.

■ Turning to the issues raised in the trial defense counsel's brief, Article 38(c), Uniform Code of Military Justice, 10 U.S.C. § 838(c), the first two, contesting the classification of cocaine as a habit-forming narcotic drug, are without merit. *United States v. King*, 6 M.J. 927 (A.F.C.M.R.1979); *People v. McCarty*, 86 Ill.2d 247, 56 Ill.Dec. 67, 427 N.E.2d 147 (1981), *reversing People v. McCarty*, 93 Ill.App.3d 898, 49 Ill.Dec. 382, 418 N.E.2d 26 (4th Dist. 1981). The third issue, complaining of exclusion of a prospective witness from the court prior to his expected testimony, is likewise without merit. Manual for Courts-Martial, 1969 (Rev.), para. 53f; *United States v. Czarnecki*, 10 M.J. 570, 572, note 3 (A.F.C.M.R. 1980).

■ As to the final error asserted in the trial defense counsel's brief, we agree with the contention of appellate government counsel that the military judge, by his announcement prior to closing to consider sentence, intended to exclude consideration of any reference to prior drug rehabilitation efforts in arriving at a sentence. We are, however, somewhat troubled by the military judge's action in admitting such evidence, presumably knowing that it could not be considered in determining the sentence. *United States v. Cottle*, 11 M.J. 572, 574 (A.F.C.M.R.1981). While the same information could have been considered by the convening authority in referring the accused's case to trial, *United States v. Jones*, 11 M.J. 817 (A.F.C.M.R.1981), or in approving the sentence, *United States v. Schmenk*, 11 M.J. 803 (A.F.C.M.R.1981), it could not be considered at trial. *United States v. Cruzado-Rodriguez*, 9 M.J. 908 (A.F.C.M.R.1980).[2] We will, therefore, eliminate any possibility of prejudice in our reassessment of the sentence.

Reassessing the sentence, we find appropriate only so much of the sentence as provides for a bad conduct discharge and reduction to airman basic.[3] The findings of guilty, and the sentence as modified, are correct in fact and law, and they are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.

---

statements and tending to establish accused's lack of sanity may be conditioned upon a qualified waiver of Article 31, 10 U.S.C. § 831 rights before a government sanity board).

2. As an exception to the proscription against consideration of drug rehabilitation efforts at trial, we have indicated that such information may be considered by the military judge for the purpose of determining whether the court-martial may properly exercise jurisdiction over the offenses. *United States v. Lange*, 11 M.J. 884, 886, note 5 (A.F.C.M.R.1981).

3. The sentence as approved by the convening authority included, in addition to that affirmed herein, forfeiture of two hundred dollars ($200.00) per month for four (4) months, and confinement at hard labor for two (2) months. The service of confinement was deferred until the sentence is ordered executed.