## UNITED STATES

v.

**Clevon R. JACKSON, 463 25 8348, Private (E-1), U. S. Marine Corps.**

**NMCM 81 2155.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 Dec. 1980.

Decided 22 Jan. 1982.

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LCDR Michael R. McGuire, JAGC, USN, Appellate Government Counsel.

Before SANDERS, Senior Judge, and KERCHEVAL and MAY, JJ.

SANDERS, Senior Judge:

Appellant was convicted of transporting a civilian in a government vehicle without authority and wrongfully possessing 52 grams of marijuana, both in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to confinement at hard labor for 45 days, forfeiture of $100.00 pay per month for two months and a bad-conduct discharge. Pursuant to a pretrial agreement the convening authority approved the sentence but sus-

pended the bad-conduct discharge for eight months from the date of the trial. The supervisory authority initially approved the action of the convening authority but subsequently vacated the suspension of the punitive discharge because of appellant's assault and battery upon another Marine.

Following findings the trial counsel offered evidence of a prior summary court-martial. Prosecution Exhibit 4. The defense counsel, however, questioned the accuracy of a document indicating that appellant properly had been advised of his option to refuse trial by summary court-martial, Prosecution Exhibit 5, whereupon, the military judge examined appellant on the issue and admitted the evidence.

Appellant assigns as error that the military judge erred to the substantial prejudice of appellant by compelling him to provide information to establish the admissibility of Prosecution Exhibits 4 and 5. *United States v. Sauer*, 11 M.J. 872 (N.M.C.M.R. 1981).

We agree that the military judge erred in admitting the exhibits but he did so because appellant established the inadmissibility of the documents, not their admissibility.

Prosecution Exhibit 4 reveals that appellant was convicted by a summary court-martial of failing to go to his appointed place of duty, being disrespectful toward a staff sergeant, reckless driving, assault, and willfully damaging government property in the amount of $40.00. Prior to the trial he elected to consult with a lawyer and was referred to Major V of the Administrative Law Section of the division's legal office, one of whose functions was to advise individuals who had damaged government property of their opportunity to voluntarily reimburse the Marine Corps for its loss.

In our opinion Major V was not the "independent counsel" with which appellant was entitled to confer before deciding whether to consent to trial by summary court-martial. *See United States v. Booker*, 5 M.J. 238 (C.M.A.1977). The uncontradicted testimony of appellant reveals that Major V discussed appellant's damaging the government property with him but failed to discuss any of the other charges. Addition-

ally, he explained that appellant could voluntarily make restitution or have a court-martial determine if he was liable. Finally he explained that appellant could refuse trial by summary court-martial and enumerated the possible courses which the command might take if appellant did refuse.

*Booker*, we believe, requires that appellant be referred to a lawyer who, in respect to the matter at hand, is free of any conflicting interests or responsibilities. No matter how fair he may attempt to be, an officer who is essentially a claims attorney is not in a position to explain the ramifications of his choices to an accused charged with an offence which may give rise to a claim. *See* DR5–105, The Code of Professional Responsibility of the American Bar Association; JAGMAN § 0142.

The military judge, therefore, should not have considered appellant's prior summary court-martial and we will reassess the sentence without reference to it. We nevertheless are convinced that the sentence imposed by the military judge remains appropriate for this appellant and the offenses of which he stands convicted. Accordingly, the findings and sentence as approved on review below are affirmed.

Judges KERCHEVAL and MAY concur.