UNITED STATES, Appellee,

v.

Donald D. COWLES, Jr., Private, U.S. Army Appellant.

No. 43,589.

SPCM 16442.

U.S. Court of Military Appeals.

Nov. 21, 1983.

For Appellant: *Colonel Edward S. Adamkewicz, Jr.* and *Captain Donna L. Chapin* (on brief).

For Appellee: *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards, Captain Paul K. Cascio* and *Captain Paul E. Jordan* (on brief); *Captain Patrick M. Flachs.*

*Opinion of the Court*

EVERETT, Chief Judge:

Pursuant to his pleas of guilty, appellant was convicted by a special court-martial consisting of a military judge alone of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The judge sentenced Cowles to a bad-conduct discharge, as well as confinement and forfeiture of $265.00 pay per month for 2 months. The convening authority approved the trial results, and the United States Army Court of Military Review affirmed the findings and sentence, except for a slight modification of the forfeitures. 13 M.J. 731 (1982).

The Judge Advocate General of the Army certified this issue to us:

WAS THE UNITED STATES ARMY COURT OF MILITARY REVIEW CORRECT AS A MATTER OF LAW IN ITS DETERMINATION THAT *ESTELLE v. SMITH,* 451 U.S. 454, 101 S.CT. 1066, 68 L.ED.2D 359 (1981) DID NOT EFFECTIVELY OVERRULE *UNITED STATES v. SPIVEY,* 10 M.J. 7 (CMA 1980) AND *UNITED STATES v. MATHEWS,* 6 M.J. 357 (CMA 1978)?

Although in *United States v. Sauer,* 15 M.J. 113 (C.M.A.1983), we resolved this question in favor of the accused, the present case has one distinguishing feature which merits discussion. Unlike *Sauer,* appellant entered a voluntary plea of guilty

after having been advised by the military judge that this plea would waive various rights, such as his "absolute right to remain silent." There is no doubt that a plea of guilty implicitly waives an accused's privilege against self-incrimination on matters relating to his guilt. However, we must decide whether this implicit waiver extends to presentencing proceedings as well, so as to deprive an accused of his right to refrain from answering questions by the judge about a record of nonjudicial punishment which the Government seeks to introduce in evidence at that stage of trial.

■ In *Sauer,* we pointed out that in *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1066, 68 L.Ed.2d 359 (1981)—upon which our decision rested—the Supreme Court

> emphasized that "[t]he essence of" the privilege against self-incrimination "is the requirement that the State which proposes to convict *and punish* an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips."

15 M.J. at 116. That appellant elected, by his guilty plea, to relieve the Government of the burden of proving his *guilt* does not cause a conclusion that he also thereby elected to relieve the Government of its usual burden of producing, "by the independent labor of its officers," its presentencing evidence affecting his *punishment.* In view of the bifurcated procedure of a court-martial separating the findings and sentencing portions of the trial, we conclude that appellant, by his plea, waived his right against self-incrimination only as to the findings and that his constitutional[1] and statutory[2]

rights against self-incrimination remained extant in the presentencing phase of his trial. *See United States v. Sauer, supra.*

Parenthetically, we add that nothing in the Manual for Courts-Martial purports to provide to the contrary. While paragraph 70*b* does include language that an accused's guilty "plea ... waives his right against self-incrimination," this language is in the context of what general advice a military judge is required to give an accused who pleads guilty concerning the rights he forfeits by such a plea. On the other hand, as we pointed out in *Sauer,* the Manual also provides an accused with an unconditional option during the sentencing proceedings to make a sworn or unsworn statement *or to remain silent. See* paras. 75*c*(2)(a), (b), and (c) (Change 5), Manual for Courts-Martial, United States, 1969 (Revised edition). *Accord* para. 75*c*(2) of the Manual which was in effect at the time of trial. Accordingly, construing the language of paragraph 70*b* in its context and consistent with the specifically applicable provisions of paragraph 75*c*(2), we determine that the waiver language of paragraph 70*b* applies to the prefindings stage only.

Accordingly, we answer the certified question in the negative and reverse the decision of the United States Army Court of Military Review as to sentence. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review for further review under Article 66, UCMJ, 10 U.S.C. 866, in light of this opinion.

Judges COOK and FLETCHER concur.

---

1. U.S. Const. amend. V.

2. Article 31(a), Uniform Code of Military Justice, 10 U.S.C. § 831(a).