UNITED STATES, Appellant and
Cross-Appellee,

v.

Michael D. HARDY, Airman First Class,
U.S. Air Force, Appellee and
Cross-Appellant.

No. 42,589.
ACM S25320.

U.S. Court of Military Appeals.

Jan. 13, 1986.

For Accused: *Colonel George R. Stevens* and *Major Richard A. Morgan* (on brief); *Colonel Leo L. Sergi.*

For United States: *Colonel James P. Porter* and *Major George D. Cato* (on brief); *Colonel Kenneth R. Rengert* and *Captain Kevin L. Daugherty.*

*Opinion of the Court*

EVERETT, Chief Judge.

Airman First Class Hardy was tried by a special court-martial composed of a military judge alone. In accordance with his pleas, he was found guilty of possession, use, and transfer of marihuana, and possession and use of cocaine, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement for 2 months, forfeiture of $200.00 pay per month for 4 months, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged but deferred the confinement, and the supervisory authority approved this action.

However, the Court of Military Review reassessed Hardy's sentence after it concluded that two errors occurred during the presentencing phase of the trial. Concerning one of those errors, the court below explained:

Prior to admitting in evidence two adverse personnel actions [a record of punishment under Article 15, UCMJ, 10 U.S.C. § 815, and a letter of reprimand] offered by the government for consideration during the sentencing phase of the trial, the military judge questioned the accused to elicit an adequate foundation to establish that the documents were properly entered in the personnel records.

*United States v. Hardy*, 12 M.J. 883, 884 (1981). The court further elaborated:

In this case, the military judge, following the procedure suggested by the

Court of Military Appeals in *United States v. Booker*, 5 M.J. 238, 244 (C.M.A. 1977), and expressly sanctioned in *United States v. Spivey*, 10 M.J. 7 (C.M.A. 1980) and *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), conducted an inquiry of the accused to determine whether all of the procedural requisites for entering two personnel actions in the accused's records had been properly accomplished. As related by the accused, *both the Article 15, and the letter of reprimand, which were incomplete on their faces*, were properly completed. As determined by the trial judge, both actions were properly entered in the accused's personnel records, and would ordinarily have been admissible for consideration on sentencing. Manual for Courts-Martial, 1969 (Rev.), para. 75*d*. However, in view of the Supreme Court's decision in *Estelle* [*v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981)], we hold that the military judge's reliance upon the accused's responses as foundation for the admission of the Article 15 and the letter of reprimand renders improper their receipt in evidence. *United States v. Sauer*, 11 M.J. 872 (N.M.C.M.R. 1981).

*Id.* at 885 (emphasis added).

In light of the above error, the court stated that "we will disregard those exhibits and reassess the sentence" in order "[t]o eliminate any possible prejudice resulting from their consideration by the military judge as sentencing authority." The Court of Military Review also ruled that the military judge had erred in admitting evidence of appellant's earlier "drug rehabilitation efforts"; and, with respect to this error, the court stated that it would "eliminate any possibility of prejudice in our reassessment of the sentence." *Id.* The reassessed sentence consisted of a bad-conduct discharge and reduction to airman basic.

Questioning the decision of the Court of Military Review as to admission of the Article 15 record and the letter of reprimand, The Judge Advocate General of the Air Force certified these four issues to this Court:

### I

WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE ARTICLE 15 AND THE LETTER OF REPRIMAND WERE INCOMPLETE AND THEREBY INADMISSIBLE ON THEIR FACES?

### II

IF THE ABOVE ISSUE IS ANSWERED IN THE AFFIRMATIVE, WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE MILITARY JUDGE ERRED IN ASKING THE ACCUSED TO PROVIDE INFORMATION REGARDING THE ADMISSIBILITY OF THE ARTICLE 15 AND LETTER OF REPRIMAND?

### III

IF THE ABOVE ISSUE IS ANSWERED IN THE AFFIRMATIVE, DID THE ACCUSED WAIVE HIS RIGHT TO ASSERT THE ERROR BY FAILING TO OBJECT AND/OR PLEADING GUILTY TO ALL CHARGES AND SPECIFICATIONS FOR WHICH HE WAS SENTENCED?

### IV

IF THE ABOVE ISSUE IS ANSWERED IN THE NEGATIVE, WAS THE ACCUSED PREJUDICED BY THE ACTIONS OF THE MILITARY JUDGE?

Thereafter, Hardy filed with this Court a cross-petition for grant of review, and we ultimately granted review of these two issues:

### I

CHARGING TRANSFER OF COCAINE UNDER ARTICLE 134 FAILED TO ALLEGE A SPECIFIC OFFENSE UNDER THE UNIFORM CODE OF MILITARY JUSTICE AND WAS AN UNCONSTITUTIONAL SE-

LECTIVE APPLICATION OF GENERAL FEDERAL LAW TO MILITARY PERSONNEL.

II

CLASSIFICATION OF COCAINE AS A HABIT–FORMING NARCOTIC FOR PUNISHMENT PUPOSES VIOLATES EQUAL PROTECTION, SINCE THERE IS NO RATIONAL BASIS FOR SUCH CLASSIFICATION.

The two issues assigned by Hardy have since been resolved against him by our decision in *United States v. Ettleson*, 13 M.J. 348 (C.M.A.1982). Upon consideration of the four certified issues, we conclude that the first must be decided in the Government's favor, so that there is no need to address the others.

A

During the presentencing phase of the trial, the military judge asked if trial counsel had "evidence of any punishments administered pursuant to Article 15." Thereupon, prosecution exhibit 2, a single Article 15 record, was offered in evidence. After defense counsel stated that he had no objection, this colloquy ensued:

MJ: Just one matter of clarification on the third indorsement to the Article 15, the accused indicates that he did not appeal although he did request three days to submit matters. Airman Hardy, did you appeal that Article 15?

ACC: No, sir.

Immediately thereafter, the military judge admitted the Article 15 record as evidence.

Even though the military judge did ask this question of the accused in order to clarify what the judge perceived as a possible ambiguity, we are unable to see how the nonjudicial punishment record itself was *incomplete* in any way, as concluded by the court below. *Cf. United States v. Negrone*, 9 M.J. 171 (C.M.A.1980). Examination of the exhibit makes clear that every requisite entry had been made and was legible. Moreover, the accused did not claim at his trial that the Article 15 record was in any way incomplete, inaccurate, or objectionable. Indeed, on this appeal, he concedes that "it appears that the Article 15 may not have been incomplete on its face as suggested in the decision of the Air Force Court of Military Review."

As part of the second indorsement to the Air Force Form 3070, "Notification of Intent to Impose Nonjudicial Punishment," his squadron commander advised Hardy:

Upon receipt of this indorsement you must state whether you appeal. If you appeal, and you request it, you will be given 3 duty days (72 hours) to submit any written matters in support of your appeal. If written matters are not received within the allotted time, and I have not, upon your written request showing good cause, granted you an extension of time, it will be presumed that you do not intend to submit any written matters and your appeal will be forwarded to the appellate authority for action.

Below this on the same page was a third indorsement, signed by Hardy, which acknowledged receipt; the indorsement stated, "I do not appeal," and "request[ed] 3 duty days ... to submit matters in writing."

Perhaps there is some latent inconsistency between indicating that there is no appeal and simultaneously requesting time to submit matters in writing. Nonetheless, the record of nonjudicial punishment was not incomplete on its face. This seems especially true because the applicable Air Force regulation provides that "evidence and other written materials considered as a basis for imposing punishment ... or submitted by the offender in mitigation, extenuation, or defense or on appeal are: (1) Not part of the record ... " Para. 15*b* (1), AFR 111–9.

■ It follows that, in discussing the nonjudicial punishment record with Hardy, the military judge did not elicit from the accused any missing data which had impact on admissibility of the Article 15 record. *Cf. United States v. Cowles*, 16 M.J. 467 (C.M.A.1983); *United States v. Sauer*, 15

M.J. 113 (C.M.A.1983). Accordingly, appellant was not compelled to perfect admissibility of this exhibit which could be used to increase his sentence.

### B

In connection with admission of evidence of the letter of reprimand, this discussion occurred:

TC: The government at this time would like to present or offer what has been marked as Prosecution Exhibit Number 3 which is a Letter of Reprimand for possession of marihuana.

(The trial counsel handed the exhibit ... [to] the defense counsel.)

DC: Your honor, first of all we would, although we concede that this is indeed a UIF Letter of Reprimand, *and the procedural requirements seem to have been complied with,* we would first of all take exception with the characterization of this as a Letter of Reprimand for possession of marihuana. Airman Hardy in this Letter of Reprimand is cited for failing to maintain his room according to prescribed standards. In the second paragraph he is counselled concerning his attitude concerning room standards. The defense would also specifically object to the use of this Letter of Reprimand in that, in conjunction with a Letter of Reprimand concerning room standards, it notes in the first paragraph that an alleged marihuana roach was found in an ashtray in his room. We submit this is inappropriate use of a Letter of Reprimand and in the inclusion of this sentence in a Letter of Reprimand concerning room standards is wrongfully prejudicial. By way of an offer of proof on our objection, we would submit that evidence would be available and that this was an ashtray that had been used in a common area or a suite area, that was in Airman Hardy's room. And therefore, no justice action formed from this incident, however, we have no evidence to document that it was a marihuana roach, and we submit

that it is inappropriate use of a Letter of Reprimand concerning a bad attitude about room standards to try to stick on reference to a marihuana roach in an ashtray that came from a common area. We would therefore submit that it is needlessly and wrongful and prejudicial even in a trial before military judge alone, on that basis we object.

MJ: May I see the document please? (The trial counsel handed the document to the military judge.)

MJ: Airman Hardy, did you submit any matters in rebuttal to that Letter of Reprimand? Did you submit anything in response to this? Your commander indicated that you had some time, three days, in which to acknowledge receipt and then attach any statement that you want.

ACC: Yes, Sir.

MJ: Did you submit anything?

ACC: I don't remember exactly if I did or didn't, but I talked to my commander and my first sergeant about the people that lived up in the suite that knew me and knew the ashtray that was sitting in the suite, and all the people that lived up there were going to sign a petition saying that it was a community ashtray and that anyone had access to it.

MJ: The objection is overruled and the court will consider the Letter of Reprimand. What has been offered as Prosecution Exhibit 3 for Identification is admitted into evidence as Prosecution Exhibit 3.

The letter of reprimand, dated December 9, 1980, reprimanded Hardy for his "apathetic attitude concerning room standards" and required that he "acknowledge receipt ... by indorsement." A first indorsement bearing the same date acknowledges receipt. A separate letter of the same date and headed "Notification of Unfavorable Information" advised Hardy that his squadron commander planned to place the letter of reprimand in his unfavorable information file (UIF); that he should "acknowl-

edge receipt ... by indorsement ... within 3 workdays"; and that "[a]ny statements or documents which you wish to be considered in the evaluation of this matter will be attached to your indorsement." This letter bears a first indorsement of the same date, which is signed by Hardy and states only, "Receipt acknowledged." No reference is made to attachments. A separate page contains a second indorsement from the commender to the personnel office and advises them that he has "determined that the attached information should be filed in the UIF on Michael Hardy."

■ From the face of this correspondence it would appear that appellant did not submit any documents intended to dissuade his commander from placing the letter of reprimand in his UIF. Defense counsel never made any contrary claim and even conceded at trial that procedural requirements apparently had been met. Under these circumstances, we can find no basis for the conclusion by the Court of Military Review that the letter of reprimand was "incomplete" on its face. Accordingly, the information obtained from appellant by the military judge was completely unnecessary to establish admissibility of the letter of reprimand—just as was true with respect to the Article 15 record.

## C

Accordingly, we answer the first certified question in the negative and rule that the adverse personnel records were not "incomplete on their faces" and were properly received in evidence by the judge.

The Court of Military Review reassessed the sentence not only with respect to the personnel records that it erroneously decided had been improperly admitted in evidence but also with respect to the improper reception of other sentencing information. From our examination of the record it seems likely that the court below would have arrived at almost the same result if it had only reassessed to rectify the error in receiving this other information, which is not the subject of this appeal. Under these circumstances it would be pointless at this late date to remand the case to the court below for further action.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.